# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**TIMOTHY L. SAWYER-HOUSE,**

      Petitioner,

v.

**WARDEN WOLF,**

      Respondent.

**Civil Action No.:5:22-cv-56**
Judge Bailey

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 17, 2022, Timothy Sawyer-House ("the Petitioner"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The Petitioner is a federal inmate now housed at FCI Schuylkill and is challenging the validity of his conviction from the Eastern District of Virginia.[1] On March 22, 2022, the petitioner paid the $5 filing fee. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

---

[1] Records indicate that at the time the Petitioner filed his Petition, he was housed at FCI Hazelton, located in Bruceton Mills, WV 26525. [Doc. 1].

## II. **BACKGROUND**[2]

On March 6, 2019, a thirteen (13)-count Indictment was filed in the United States District Court for the Eastern District of Virginia, Norfolk Division, against the petitioner. [Hereinafter referred to as 2019 Criminal Case]. Count 1 charged him with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). Count 4 charged Attempted Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a) and 2. Counts 5, 7, 10, and 13 charged Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. Count 8 charged Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts 9 and 12 charged Possession of Firearms During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

On July 11, 2019, before United States District Judge Raymond A. Jackson, the Petitioner entered a plea of guilty to Counts 1, 9, and 12 of the indictment pursuant to a written Plea Agreement. Both parties agreed that the appropriate sentence in this case was a term of 57-71 months' imprisonment, plus 120 months consecutive, based on a Total Offense Level of 23 and a Criminal History Category of III. Otherwise, both parties agreed that the other proposed elements of sentencing were appropriate, including forfeiture as noted in paragraph 7 of the Plea Agreement, a mandatory special

---

[2] Unless otherwise noted, the information in this section is taken from the petitioner's criminal dockets. See United States v. Timothy Lamont Sawyer-House, 2:19-cr-36-2. In particular, the undersigned has relied on the petitioner's PSR which was scanned by the sentencing court to the pro se law clerk assigned to this case Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

assessment of $100 per count of conviction, and a fine, restitution, or term of supervised release as ordered by the Court. The agreement provided that if the Court declined to accept the agreement, the petitioner would not be given the opportunity to withdraw from the plea. The petitioner signed a Statement of Facts in Support of Plea Agreement, which summarized his involvement in the instant offense. Following his plea, the petitioner was remanded to the custody of the United States Marshals Service. On October 23, 2019, the District Judge accepted the Petitioner's guilty plea and entered a final judgment of guilt against the Petitioner, sentencing the Petitioner to 180 months imprisonment. The Petitioner did not appeal his judgment of conviction or imposition of his sentence, nor did he file a habeas petition under § 2255.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See

Erickson v. Pardus, 551 U.S. 89, 93--94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.   CLAIMS OF THE PETITION

The petitioner alleges that the second of his 18 U.S.C. § 924(c) convictions was improper and not supported by an independent firearm possession, relying on Hahn v. Moseley, 931 F.3d 295 (4th Cir. Jul. 24, 2019).  In essence, the petitioner relies on this allegation to argue that in light of the Hahn decision, Count 12 of his indictment is duplicitous and in violation of double jeopardy. For relief, the petitioner requests that his conviction be vacated as it relates to Count 12 of the indictment.

### V.   APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws

4

of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. *See* United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See* Wheeler, 886 F.3d at 423–26.

---

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

## VI.     ANALYSIS

Although the petitioner has raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, there was no change in the substantive law subsequent to the Petitioner's conviction. Likewise, the Petitioner made no appellate attempts, and the crime for which he was convicted remains a criminal offense. Therefore, it follows that the Petitioner cannot satisfy the second element of Jones.

In Hahn[4], the Fourth Circuit Court of Appeals held that, in a prosecution under § 924(c), the Government must prove that any additional charges beyond the first are supported by an independent firearm possession. The Petitioner in Hahn was arrested after law enforcement discovered and seized marijuana plants following the execution of a search warrant by various state and federal agencies. Id. at 297. The Petitioner was convicted by a jury in the Tenth Circuit of (1) intentionally manufacturing 100 or more marijuana plants; (2) opening and maintaining a place for the purpose of manufacturing, distributing, and using marijuana; (3) possessing firearms in the furtherance of the intentional manufacturing of 100 or more marijuana plants; and (4) possessing a firearm in the furtherance of the opening and maintaining a place for the purpose of manufacturing, distributing, and using marijuana. Id. Counts 3 and 4 were based on the same collection of guns owned by the Petitioner, which included 21 firearms. Id. Following the Petitioner's conviction, the substantive law of the Tenth Circuit changes such that, when the charges or counts exceed the number of acts, it is impermissible for those extra

---

[4] Hahn reversed and remanded a decision by the United States Court of Appeals on direct appeal.

charges or counts to form the basis of additional criminal liability. Id. at 302.

At issue before the Fourth Circuit Court of Appeals was whether the Government must prove that, in a prosecution under § 924(c) any additional charges beyond the first are supported by an independent firearm possession. The Fourth Circuit Court of Appeals issued its holding, answering that inquiry in the affirmative, given that the substantive law of the District in which the Petitioner was convicted and sentenced changed, in accordance with the second prong of Jones. Id. at 302-304.

However, the Petitioner cannot satisfy the second requirement. As was aforementioned, the savings clause test in Jones requires that the substantive law changed such that the conduct of which the prisoner was convicted is deemed no longer criminalized, subsequent to a prisoner's direct appeal and first § 2255 petition. As was also previously noted, the Petitioner did not appeal his judgment of conviction or imposition of his sentence, nor did he file a habeas petition under § 2255.

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VII. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and

Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** June 7, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

9